# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| PETER J. WELLIN, *et. al*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:14-cv-4067-DCN |
| vs. ) | |
| ) | **ORDER** |
| WENDY WELLIN, *individually and as* ) | |
| *Trustee of the Keith S. Wellin* ) | |
| *Florida Revocable Living Trust u/a/d* ) | |
| *December 11, 2001* ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on two motions to reconsider filed by defendant Wendy Wellin – one in her individual capacity ("Wendy"), ECF No. 544, and one in her official capacity as trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2001 ("trustee Wendy"), ECF No. 545. For the reasons stated below, the court denies both motions.

## I. BACKGROUND

Because the parties are well-acquainted with this case, the court will dispense with a recitation of facts and include only a procedural history of the matters at hand.

This court issued the February 12, 2015 order denying trustee Wendy's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(7) and Wendy's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1). ECF No. 32. The court held that the probate exception to diversity jurisdiction under 28 U.S.C. § 1332(a) did not apply to Wendy or trustee Wendy and that the Colorado River doctrine did not apply to Wendy because the companion probate case pending in state court (the

1

"Probate Action") was not a parallel suit and because the exceptional circumstances required to abstain from jurisdiction did not exist.

On February 6, 2018, plaintiffs Peter J. Wellin, Cynthia Plum, and Marjorie King (the "Wellin children") amended their counterclaims in the Probate Action (the "Amended Counterclaims") to add a declaratory judgment against trustee Wendy and tort and contract claims against Wendy. ECF No. 544-1. The Amended Counterclaims are identical to the claims before this court.[1] ECF No. 544 at 6–8.

On April 27, 2018, Wendy, both in her individual capacity and in her capacity as trustee, filed a motion for reconsideration of the court's February 12, 2015 order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. ECF No. 544-545. The Wellin children responded on May 11, 2018. ECF No. 547. Wendy replied, both in her individual capacity and in her capacity as trustee, on May 25, 2018, and provided a supplemental reply on August 23, 2018. ECF No. 553, 586. Both motions have been fully briefed and are now ripe for the court's review.

## II. STANDARD

**A. Motion to Reconsider**

Rule 54(b) states, in relevant part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be

---

[1] The Amended Counterclaims also include claims relating to the formal probate of the Last Will and Testament of Keith S. Wellin dated August 11, 2011 and the Last Will and Testament of Keith S. Wellin dated June 27, 2014. These claims are not at issue in these motions.

> revised at any time before the entry of a judgment adjudicating all the
> claims and all the parties' rights and liabilities.

While the precise standard governing motions to reconsider an interlocutory order is not specified, the Fourth Circuit has stated that Rule 54(b) motions are "not subject to the strict standards applicable to motions for reconsideration of a final judgment." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir. 2003); see also R.E. Goodson Constr. Co. v. Int'l Paper Co., 2006 WL 1677136, at *1 (D.S.C. June 14, 2006) (noting that the Fourth Circuit has offered little guidance as to the appropriate standard for evaluating Rule 54(b) motions other than admonishing district courts not to apply the standard for Rule 60(b) motions). A motion brought under Rule 54(b) is typically judged by the same analysis as a motion brought under Rule 59(e), which may only be granted for the following reasons: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Grayson Consulting, Inc. v. Cathcart, 2014 WL 587756, at *1 (D.S.C. Feb. 14, 2014) (quoting Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)); Slep-Tone Entm't Corp. v. Garner, 2011 WL 6370364, at *1 (W.D.N.C. Dec. 20, 2011). However, Rule 54(b)'s approach also involves broad flexibility to revise interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light. Carlson v. Bos. Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017). Nowhere is that flexibility greater and more unflagging than in the context of subject matter jurisdiction issues. Am. Canoe Ass'n, 326 F.3d at 514–15.

## III. DISCUSSION

The court first considers Wendy's motion to reconsider in her official capacity as trustee and then considers her motion to reconsider in her individual capacity.

### A. Trustee Wendy's Motion to Reconsider

Trustee Wendy seeks reconsideration of the court's February 12, 2015 order which denied trustee Wendy's motion to dismiss for lack of subject matter jurisdiction under the probate exception to federal jurisdiction. The February 12, 2015 order thoroughly analyzed trustee Wendy's motion to dismiss for lack of subject matter jurisdiction under the probate exception to federal jurisdiction finding that "the probate exception does not divest this court of jurisdiction to adjudicate the claim," ECF No. 32 at 12. The new facts resulting from the Amended Counterclaims are the basis for trustee Wendy's Rule 54(b) motion to reconsider.

#### 1. The Probate Exception

Trustee Wendy argues that the court should reconsider the motion to dismiss based on the application of the probate exception because "[t]aking into account the actions and representations of the Wellin children since the [c]ourt's initial ruling . . . it is now apparent that . . . adjudicat[ing] by this [c]ourt will have the practical effect of either probating . . . or annulling it [the Will]." ECF No. 544 at 11. However, the key holdings in this court's prior order to deny trustee Wendy's motion to dismiss under the probate exception – (1) that the probate exception does not apply to cases involving an inter vivos trust because those cases do not seek to probate a will or administer an estate, ECF No. 32 at 8; and (2) trustee Wendy has not presented any evidence indicating that the probate court has custody of the assets of the Trust, ECF No. 32 at 8 – remain unaffected by the

Amended Counterclaims. Trustee Wendy does not point to any other intervening change in controlling law or new evidence, does not specifically allege clear error in the February 12, 2015 order, and does not contend that reconsideration would prevent manifest injustice.

Trustee Wendy's arguments do not satisfy the Rule 54(b) standard here. Trustee Wendy raises essentially the same rationale for applying the probate exception in her initial motion to dismiss, and a Rule 54(b) motion "may not be used merely to reiterate arguments previously rejected by the court." ContraVest Inc. v. Mt. Hawley Ins. Co., 2018 WL 5793601, at *2 (D.S.C. Mar. 30, 2018) (quoting Sanders v. Lowe's Home Ctrs., LLC, 2016 WL 5920840 at *4 (D.S.C. Oct. 11, 2016) (citation omitted)). Therefore, trustee Wendy's motion is denied with respect to reconsideration of the probate exception finding in the February 12, 2015 order.

### 2. The Colorado River Doctrine

Trustee Wendy also argues that the court should reconsider the court's February 12, 2015 order based on abstention under the Colorado River doctrine because with the new facts resulting from the Amended Counterclaims, "there are parallel actions pending in both the state and federal courts, and abstention is appropriate in light of the exceptional circumstances which now exist." ECF No. 544 at 14. However, trustee Wendy never raised the issue of abstention under the Colorado River doctrine, in her capacity as trustee Wendy, in her initial motion to dismiss. ECF No. 11–1. The court cannot reconsider an issue that was not initially raised by trustee Wendy, and therefore, trustee Wendy's motion to reconsider with respect to reconsideration of abstention under the Colorado River doctrine is denied.

Because the arguments made by trustee Wendy regarding the probate exception do not satisfy the Rule 54(b) standard and because trustee Wendy improperly raises her argument for abstention under the Colorado River doctrine for the first time in a motion to reconsider, the court denies trustee Wendy's motion to reconsider.

### B. Wendy's Motion to Reconsider

Wendy also seeks reconsideration of the court's February 12, 2015 order, which denied Wendy's amended motion to dismiss for: (1) lack of subject matter jurisdiction under the "probate exception" to federal jurisdiction and (2) abstention pursuant to the Colorado River doctrine. ECF No. 32. The February 12, 2015 order thoroughly analyzed Wendy's motion to dismiss finding that neither the probate exception nor abstaining to exercise jurisdiction was appropriate, ECF No. 32 at 27. The new facts resulting from the Amended Counterclaims are the basis for Wendy's Rule 54(b) motion to reconsider.

#### 1. The Probate Exception

Wendy, echoing the arguments made in her capacity as a trustee, argues that the probate exception divests this court of jurisdiction to hear the Wellin children's claims against her in her individual capacity. Again, the key holdings in this court's decision to deny Wendy's motion to dismiss under the probate exception – (1) that the fact that the Wellin children's damages may be measured, in part, by the amount of the inheritance they would have received but for Wendy's interference does not convert their tort claims into an action to probate a will or administer an estate, ECF No. 32 at 21; (2) that the probate exception does not apply to inter vivos trusts, even when they serve as the functional equivalent of a will, ECF No. 32 at 21; and (3) Wendy has not presented any evidence indicating that the probate court has custody of the transfers Keith S. Wellin

made to Wendy[2] or that the probate court has custody the assets of the Trust, ECF No. 32 at 22 – remain unaffected by the new facts resulting from the Amended Counterclaims. Wendy does not point to any other intervening change in controlling law or new evidence, does not specifically argue clear error in the February 12, 2015 order, and does not contend that reconsideration would prevent manifest injustice. As explained above Wendy's motion argues matters outside the proper scope of the motion and, therefore, Wendy's motion is denied with respect to reconsideration of the probate exception holding in the February 12, 2015 order.

### 2. The Colorado River Doctrine

Wendy argues that the court should reconsider the motion to dismiss based on abstention under the Colorado River doctrine because of the new facts resulting from the Amended Counterclaims "there are parallel actions pending in both the state and federal courts, and abstention is appropriate in light of the exceptional circumstances which now exist." ECF No. 544 at 14. As a general rule, "our dual system of federal and state governments allows parallel actions to proceed to judgment until one becomes preclusive of the other." Vulcan Chem. Techs., Inc. v. Barker, 297 F.3d 332, 340 (4th Cir. 2002). "Despite what may appear to result in a duplication of judicial resources, '[t]he rule is well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" McLaughlin v. United Va. Bank, 955 F.2d 930, 934 (4th Cir. 1992) (quoting McClellan v. Carland, 217 U.S. 268, 282 (1910)). Indeed, federal courts have a "virtually unflagging obligation . . .

---

[2] As previously noted, to the extent the "testamentary bequests that [Wendy] would not have received" is in the probate estate, this part of the constructive trust claim is barred by the probate exception. ECF No. 32 at 22 n. 14

to exercise the jurisdiction given them." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817. However, under principles established in Colorado River, a federal court "may abstain from exercising [its] jurisdiction in the exceptional circumstances where a federal case duplicates contemporaneous state proceedings and '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation' clearly favors abstention." Vulcan, 297 F.3d 332 at 340-41 (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183 (1952)).

For this court to abstain under the Colorado River doctrine, two conditions must be satisfied. The threshold question is "whether there are parallel federal and state suits." Great Am. Ins. Co. v. Gross, 468 F.3d 199, 207 (4th Cir. 2006). Second, "exceptional circumstances" warranting abstention must exist. Colorado River, 424 U.S. at 813. Without establishing a rigid test, the Supreme Court has recognized several factors that are relevant to determining whether a particular case presents exceptional circumstances. Gannett Co. v. Clark Const. Grp., Inc., 286 F.3d 737, 741 (4th Cir. 2002). A district court's decision whether to abstain under Colorado River is reviewed for abuse of discretion. Id.

The Wellin children concede that the changes made in the Amended Counterclaims "renders the federal and state court action parallel." ECF No. 547 at 3. However, the February 12, 2015 states that "[e]ven if the court assumes that this case and the state court action are parallel, the [Colorado River] factors . . . do not reveal anywhere near the exceptional circumstances required to abstain from jurisdiction under the Colorado River doctrine." ECF No. 32 at 27. In other words, the court already treated

the actions as parallel suits in its holding that abstention under the Colorado River doctrine was inappropriate, so there is no need to re-examine the parallel action analysis. Therefore, the court will continue its analysis by determining if the new facts resulting from the Amended Counterclaims shift the balance of the exceptional circumstances' factor analysis toward abstention.

### a. Exceptional Circumstances

When parallel suits exist, the court must carefully balance six factors to determine if exceptional circumstances exist that warrant abstention: (1) whether the subject matter of the litigation involves property where the first court may assume jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights. Vulcan, 297 F.3d at 341. "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." Colorado River, 424 U.S. at 818–19.

Four of the six factors in the exceptional circumstance test remain unchanged by the new facts presented by the Amended Counterclaims. The key holdings in this court's prior order to deny Wendy's motion to dismiss under the Colorado River doctrine were: (1) the first factor weighs against abstention because there is no indication that the property in the Trust is in the custody of the probate court; (2) the second factor is neutral because Wendy resides in Charleston; (3) the third factor weighs in favor of retaining

jurisdiction because two related cases, <u>Wellin v. Wellin et. al.</u>, No. 2:13-cv-1831, and <u>McDevitt v. Wellin et. al.</u>, No. 2:13-cv-3595, are currently pending before this court[3]; and (4) the fifth factor weighs slightly against abstention because both South Carolina law and Florida law are at issue, ECF No. 32 at 26-27. These holdings remain unchanged by the new facts resulting from the Amended Counterclaims. The court relied on the fact the Wellin children could advance the same claims here as they could in state court to hold the sixth factor is neutral. ECF No. 32 at 27. The Wellin children, in fact, did advance the same claims in state court in their Amended Counterclaims, and therefore, the sixth factor still remains neutral. However, the court's finding on the fourth factor, that there is "no indication that the state court action has progressed any further than this case," ECF No. 32 at 26, no longer represents the current status of the proceedings. Therefore, the court shifts its focus to whether the change in the "progress" factor has re-aligned the balance of the exceptional circumstances' factors toward abstention.

### b. "Progress" Factor

Based on the case law, there are two main considerations for the weight given to the "progress" factor in determining exceptional circumstances under the <u>Colorado River</u> doctrine. The first consideration is the actual progress made in each suit, and the second is the relative degree of progress of the parallel suits in relation to one another. See <u>Colorado River</u>, 424 U.S. at 820 (affirming abstention and finding "significant [ ] the apparent absence of any proceedings in the District Court, other than the filing of the

---

[3] A third case related case, <u>Wellin v. Farace</u>, No. 2:16-cv-414, is also pending before this court. This strengthens this factors weight in favor of retaining jurisdiction.

complaint, prior to the motion to dismiss," relative to the progress made in the parallel state proceeding). The case law will show that the "progress" factor: (1) weighs in favor of abstention when the state court has reached a final judgment and the federal court has not; (2) weighs in favor of abstention when the state court is substantially further ahead in proceedings relative to the federal court; (3) weighs against abstention when the two courts are making similar progress; (4) weighs against abstention when substantial progress has been made in both courts; and (5) weighs against abstention when the state court has progressed more, but not appreciably farther, than the federal court.

The Fourth Circuit has held that when the state court has entered a final judgment before the federal court has made substantial progress, the "progress" factor weighs in favor of abstention. See Vulcan, 297 F.3d at 342 (finding that the state court's entry of a final judgment and the state court's denial of Vulcan's motion to vacate by the time the district court heard oral arguments on the motion to vacate weighed toward abstention). Like the Fourth Circuit, the Seventh Circuit has found that the "progress" factor weighs toward abstention when the state court has entered a final judgment before the federal court has substantially progressed. See Interstate Material Corp. v. City of Chicago, 847 F.2d 1285, 1289 (7th Cir. 1988) (finding that abstention was proper due in part to the fact that by the time the motion to abstain was reviewed in the federal court, the action in the state court had already entered a final judgment and was at the state appellate level).

Similar to the Fourth Circuit, other Courts of Appeal and District Courts have found that the "progress" factor weighs toward abstention when the state court is significantly further in the process of adjudication relative to the parallel proceeding in the federal court. See Romine v. Compuserve Corp., 160 F.3d 337, 342 (6th Cir. 1998)

(holding that where in the state court depositions were taken, discovery requests and thousands of documents were exchanged, the state court has placed the case on its complex administrative track, and defendants have moved for summary judgment, and the federal action were still in the initial pleading stage, the "progress" factor weighed strongly in favor of deferring to the state court); Villa Marina Yacht Sales, Inc. v. Hatteras Yachts, 947 F.2d 529, 535 (1st Cir. 1991) (finding a pretrial report had been filed in the Commonwealth action and ten depositions had been completed, while in contrast the defendant had not yet answered the complaint and little discovery had taken place in the federal action, the "progress" factor weighed toward abstention); Beck v. CKD Praha Holding, A.S., 999 F. Supp. 652, 657 (D. Md. 1998) (granting abstention in part because the state court had taken substantial action in the case by granting a temporary restraining order that granted substantially the same relief to the plaintiffs as they requested in the federal case); American Tank Transport, Inc. v. First People's Community Federal Credit Union, 1995 WL 45676, at *22 (D. Md. 1995), aff'd without published opinion, 86 F.3d 1148 (4th Cir. 1996) (holding the progress of each suit favored dismissal as the proceedings in the state court case had advanced significantly further than those in the federal case being one factor that supported abstention); Holland v. Hay, 840 F. Supp. 1091, 1101 (E.D. Va. 1994) (finding abstention was appropriate in part because the state court action had progressed to a considerably later stage then the federal action).

  In contrast, when the state court and federal court progress in a similar pace, the "progress" factor weighs against abstention when balancing of the exceptional circumstances' factors. See Gannett, 286 F.3d at 748 (holding that when both

proceedings had progressed at similar paces, the "progress" factor counsels against abstention). Other district courts have agreed with the Fourth Circuit's holding in Gannett, also finding that similar progress of the federal and state court actions weigh against abstention. See U.S. Fire Ins. Co. v. Housing Authority of New Orleans, 917 F. Supp. 2d 581, 591 (E.D. La. 2013) (finding that relatively similar progress made in the respective cases weighed against abstention); Beres v. Village of Huntley, Ill., 824 F. Supp. 763, 768 (N.D. Ill. 1992) (holding that when the relative progress of the litigation seems to be about the same abstention is not appropriate).

Along the same lines, the Fourth Circuit has also held that where there has been substantial progress in both the state action and the federal action, and other factors are neutral or favor exercising jurisdiction, no exceptional circumstances exist to warrant abstention. See Kruse v. Snowshoe Co., 715 F.2d 120, 124 (4th Cir. 1983) (holding the district court did not abuse its discretion by refusing to abstain from exercising its jurisdiction when there had been substantial progress in both the state action and the federal action, and all other factors were either neutral or weighed against abstention).

While the Fourth Circuit has not explicitly addressed this issue, other Courts of Appeal and District Courts when examining the "progress" factor have found "the mere fact that parallel proceedings may be further along does not make a case 'exceptional' for the purpose of invoking the *Colorado River* exception". Neuchatel Swiss General Ins. Co. v. Lufthansa Airlines, 925 F.2d 1193, 1195 (9th Cir. 1991); see also Bank One, N.A. v. Boyd, 288 F.3d 181, 186 (5th Cir. 2002) (holding the district court abused its discretion in part because the reliance on the state court's relative progress to the federal court's progress to weigh in favor of abstention was misattributed); Zemsky v. City of

13

New York, 821 F.2d 148, 153 (2d Cir. 1987) (finding abstention was not appropriate when "the relative but quite modest progress of the state court action" to the federal court action was the only factor that "offers even a modicum of support" for abstention and "the five remaining factors, each of which either favors the exercise of federal jurisdiction or is essentially neutral"). In other words, if the state action has made greater, but not substantially greater, progress than the federal action, abstention is not warranted.

The above analysis indicates that the "progress" factor: (1) weighs in favor of abstention when the state court has reached a final judgment and the federal court has not; (2) weighs in favor of abstention when the state court is substantially further ahead in proceedings relative to the federal court; (3) weighs against abstention when the two courts are making similar progress; (4) weighs against abstention when substantial progress has been made in both courts; and (5) weighs against abstention when the state court has progressed more, but not appreciably farther, than the federal court.

The facts before the court demonstrate progress has been made in both the Probate Action and in this court, but the relative progress of the Probate Action is not substantially more than the progress in this court.  As the parties are well-aware, litigation has been ongoing in both this court and state court for years.  In this court, discovery concluded on May 2, 2018 and all dispositive motions were filed on or before April 16, 2019.  ECF No. 662 at 2.  The dispositive motions were all fully briefed on August 28, 2019.  ECF No. 731 at 2.  At current time, there is a jury trial scheduled for February 3, 2020 in state court on the issues of undue influence and testamentary capacity for all the

changes to Keith Wellin's estate plan from 2013–2014.[4] Order at 4, Wellin v. Wellin et. al., Probate Action, No. 2014–CP–10–7038 (May 15, 2019). However, there is a pending motion, pursuant to South Carolina Rules of Civil Procedure 59(e), to reconsider the Wellin children's motion for continuance. The Wellin children's Motion to Reconsider, Wellin v. Wellin et. al., Probate Action, No. 2014–CP–10–7038 (July 10, 2019). The hearing on that motion is scheduled for December 17, 2019. The motion to reconsider asks the state trial court to re-examine its previous decision based on prior arguments raised by the Wellin children that the trial court is purported not to have ruled on in its order to continue the Probate Action beyond the June term of the court. The Wellin children's Motion to Reconsider at 3. The arguments that trial court purportedly did not rule on are: (1) the Wellin children's appeal of the trial court's order entered on May 15, 2019, which the Wellin children argue automatically stayed any trial and deprived the state trial court of jurisdiction to hold a trial unless and until the South Carolina Court of Appeals or South Carolina Supreme Court remits the matter to the state trial court; (2) the South Carolina Court of Appeals has not yet remitted the Wellin children's petition for a Writ of Supersedeas nor ruled on their petition for a rehearing of the South Carolina Court of Appeals June 13, 2019 order, and (3) the length of the trial should not be determined until the anticipated number of witness, their anticipated length of testimony, and other factors affecting the expected length of trial are considered. The Wellin children's Motion to Reconsider at 2-4. It is unclear whether the December 17, 2019

---

[4] Notably, the state court has ordered "the pending state court action will be tried before the federal court action." Order at 3, Wellin v. Wellin et. al., Probate Action, No. 2014–CP–10–7038 (May 15, 2019). As such, this court will await the result of the Probate Action.

state trial court hearing on the motion to reconsider the motion for continuance will or will not lead to a postponement of the February 3, 2020 trial date.

Because of the substantial progress made in both the state court action and in this court, the relevant case law indicates the "progress" factor before this court weighs against abstention. Undeniably, the state trial court action has progressed further than this court. However, based on the new facts discussed above, the court is not convinced that such progress is substantial enough to weigh in favor of abstention according to the relevant case law. Even assuming, *arguendo*, the new facts presented to this court shifted the "progress" factor to slightly in favor of abstention, all other factors remain in favor of maintaining jurisdiction, or neutral, and therefore, in totality weigh against abstention. Given the court must carefully balance the factors "with the balance heavily weighted in favor of the exercise of jurisdiction." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983), the balance of exceptional circumstances factors are still not weighted enough to warrant a reconsideration of the court's February 12, 2015 order that abstention under the Colorado River doctrine is inappropriate. Therefore, the motion is denied with respect to reconsideration of the Colorado River abstention finding in the February 12, 2015 order.

Because the arguments made by Wendy regarding the probate exception do not satisfy the Rule 54(b) standard and the new facts presented by Wendy failed to meet the exceptional circumstances required to dismiss under the Colorado River abstention, the court denies Wendy's motion to reconsider.

## IV. CONCLUSION

For the reasons set forth above, the court **DENIES** both defendants' motions to reconsider.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**October 22, 2019
Charleston, South Carolina**